*H. Crawford*, for appellant.

———————o———————

THE STATE *v.* POTTMEYER.

CRIMINAL LAW.—*Indictment.*—*Trespass.*—An indictment charging the defendant with cutting, sawing, and removing from the land of another, without license, a certain quantity of ice of the value of ten dollars, the property of the owner of the land, it not appearing therefrom whether the ice was taken from a running stream or from a natural or artificial pond, was held good.

*Query* as to what evidence would justify a conviction.

APPEAL from the Cass Circuit Court.

This was an indictment in which the offense was charged in these words: "That on or about the 20th day of December, A. D. 1867, at the county of Cass and State of Indiana, one John Pottmeyer did then and there unlawfully cut, saw, and remove from land belonging to one Daniel P. Baldwin, in said county, one hundred cubic feet of ice, of the value of ten dollars, being then and there the property of the said Daniel P. Baldwin, without a license so to do from said Daniel P. Baldwin, or any other competent authority, contrary," &c.

FRAZER, J.—The indictment was quashed below, and this is the error assigned.

The only question involved is, whether under our statutes it is a crime to cut and take from the land of another

valuable ice, frozen thereon, the property of B., the owner of the land. It does not appear by the indictment whether the ice was taken from a running stream or from a natural or artificial pond. If it is possible for the land owner, in any case, to have property in ice formed upon his land, the indictment should have been sustained. The averment in this case was, that the ice was of the value of ten dollars, the property of the owner of the land; and this would warrant any proof by which its truth could be shown. If the proprietor of land should construct a pond upon his estate, and supply it with water from his own well, we suppose his property in the ice which in winter might be formed upon the pond could not be questioned. More than this need not be said in passing upon the question now before us.

If, upon the trial, it shall appear by the evidence that the ice was cut upon a stream flowing over the land of B., then there will arise an inquiry not quite so easy of solution. This is the question now chiefly argued by the appellant, while the appellee is altogether silent here. Since ice has become an article of extensive commerce, its consumption annually increasing, and thus establishing it amongst the wants, or, at any rate, the comforts of every-day life, it will be a question of much practical importance, and one upon which this court should not desire to enter prematurely, or without the aid of thorough and exhaustive argument. It will be a question, too, which, so far as we are aware, must be decided in the absence of direct authority anywhere, and, therefore, to be solved by the application of general elementary principles and analogies. For these reasons, and the further one that its determination now would be extrajudicial, not arising upon the record before us, we do not mean, at present, to intimate any opinion upon it.

The judgment is reversed, with costs; motion to quash to be overruled.

*D. E. Williamson,* Attorney General, *D. P. Baldwin,* and *D. H. Chase,* for the State.